(108 App. Div. 102.)

## PASHLEY v. BENNETT.

(Supreme Court, Appellate Division, Third Department.   October 24, 1905.)

WOODS AND FORESTS—FOREST PRESERVES—SEIZURE OF WOOD CUT THEREIN—
      AUTHORITY TO SELL.

> A fish and game protector and forester, seizing wood cut on land within
> the forest preserve, has no authority to sell it, and a buyer acquires no
> title as against one taking the wood without right.

Appeal from Special Term, Hamilton County.

Action by George Pashley against Charles Bennett.   From a judg-
ment of the county court, affirming a judgment of a justice of the peace
in favor of plaintiff, defendant appeals.   Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER,
and HOUGHTON, JJ.

Andrew J. Nellis, for appellant.
M. S. Bevins, for respondent.

CHASE, J.   The plaintiff in his complaint alleges "that he was the
owner and lawfully entitled to the possession of about 40 cords of wood,"
and he further alleges that the defendant unlawfully took the same and
has retained possession thereof.   He demands judgment for the return
of the wood, and, in case the same cannot be returned, for the value
thereof.   It does not appear that the plaintiff was ever in the possession
of the wood.   The wood was cut upon lands owned by the state of New
York within the forest preserve.   The plaintiff, to establish his case,
testified that he purchased the wood of one N. in the summer of 1902.
N. testified that he was a fish and game protector and forester, and
that as such officer he seized a quantity of logs and wood and sold
them to the plaintiff under the authority of the chief game protector of
the state of New York.

It does not seem necessary to construe section 7 of article 7 of the
Constitution of the state of New York relating to keeping the lands
owned by the state in the forest preserve as wild forest lands, forever,
and prohibiting the sale, removal, or destruction of the timber thereon,
for the reason that we are not aware of any statute or resolution which
even assumes to authorize a fish and game protector and forester, or
the chief game protector, of the state of New York to sell as agent for
the state any wood cut from lands owned by the state in the forest pre-
serve.   The authority of the officers named to sell wood cut from the
forest preserve will not be presumed.   The action is based wholly upon
the plaintiff's ownership of the wood, and, notwithstanding that the de-
fendant appears to have taken the wood without right or authority,
as the plaintiff did not show that he was the owner of the wood and en-
titled to the possession thereof, the complaint should have been dis-
missed.

The judgment of the county court and of the justice's court should
be reversed, with costs in this court and in the court below.   All concur.